IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

MCI COMMUNICATIONS SERVICES, INC.,

    Plaintiff,

v.

MURPHREE BRIDGE CORPORATION,

    Defendant.

Case No. 5:09-cv-337

## PARTIES JOINT MOTION FOR APPROVAL OF CONFIDENTIALITY STIPULATION AND AGREED TO PROTECTIVE ORDER

Come Now Plaintiff MCI Communications Services Inc. and Defendant Murphree Bridge Corporation (the Parties) hereby move this Court for an entry of a protective order and stipulated confidentiality agreement consistent with the provisions outlined and agreed upon by the Parties. Consistent with the Local Rules of this Court and Judge Smoak's instruction a draft order has been sent via electronic mail to Lisa Hallisey and a separate email will be sent to Magistrate Judge Kornblum.

MCI Communications Services, Inc., and Murphree Bridge Corporation ("Murphree") (jointly referred to as the "Parties") possess confidential or proprietary business and financial information or documents relating to the subject matter of this action. The Parties recognize that in the course of discovery, it may be necessary to disclose or produce to each other certain confidential or proprietary information or documents and wish to ensure that such information or documents are not disclosed to third parties or used for any purpose other than this litigation. In the interests of protecting from disclosure the Parties' confidential or proprietary information or documents and facilitating efficient discovery, the Parties enter into this Confidentiality Stipulation and Agreed Protective Order ("Stipulation and Order") and agree as follows:

1. For purposes of this Stipulation and Order, "proprietary or confidential or information or documents" means any material, information, document (including writings, drawings, graphs, charts, photographs, phone records, transcript of oral testimony or recorded statement, and other data compilations from which information can be obtained) or its contents, or tangible things designated by any Party as confidential or proprietary because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in the Federal Rules of Civil Procedure. This Stipulation and Order shall govern the use of confidential or proprietary information or documents disclosed to or produced by any Party to any other Party in this litigation voluntarily, in discovery (including depositions), under court order or subpoena, or otherwise.

2. For purposes of this Stipulation and Order, confidential or proprietary information or documents shall be so designated by the following:

   a. The notation "Confidential" on the face of the document,

   b. Written correspondence from the providing Party to the receiving Party regarding the designation,

   c. Oral notice of the designation on the record during a deposition or other recorded proceeding, or

   d. Any other written or recorded method that is reasonably designed to notify the receiving Party that the information or document has been designated confidential or proprietary or that should reasonably have been understood by the receiving Party as designating the information or documents as confidential or proprietary because of the legends or other markings, the circumstances of the disclosure, or the nature of the information or documents themselves.

3.	All confidential or proprietary information or documents provided by any Party to any other Party shall be used only for the purposes of this litigation and for no other purpose whatsoever. Confidential or proprietary information or documents shall not be disclosed to any other person except as provided in this Stipulation and Order.

4.	A Party that receives confidential or proprietary information or documents shall not disclose them or their contents to or discuss them or their contents with anyone except for the purposes of this litigation only to the following persons:

   a.	The receiving Party's counsel and their legal staff (e.g., paralegals and clerical or other support staff).

   b.	Employees or agents of the receiving Party only when necessary for the receiving Party or its witnesses, employees, or agents to prepare for depositions, hearings, or trial; respond to discovery requests; prepare papers to be filed with the Court; or otherwise directly assist the receiving Party's counsel in this litigation.

   c.	Consultants and expert witnesses employed or retained by or on behalf of the receiving Party to assist the receiving Party or its counsel in this litigation.

   d.	Representatives of an insurer of the receiving Party to assist the receiving Party or its counsel in this litigation, including the evaluation of the case and participation in any settlement negotiations or discussions or alternative dispute resolution procedures.

   e.	The Court, subject to the providing Party's right to object to such disclosure.

5.	Each person, except those persons designated in paragraph 4(a), (b), (d) and (e) above, to whom confidential or proprietary information or documents are provided or otherwise disclosed shall agree in writing to be bound by the terms of this Stipulation and Order before

being provided the information or documents. Each person shall sign a written agreement in the form attached as Exhibit "A." Counsel for the receiving Party shall maintain a file of written agreements executed by all such persons. The file of written agreements shall not be available to opposing Parties or their counsel during the litigation except upon a showing of good cause made upon application to the Court. Upon termination of this litigation, whether by judgment, settlement or otherwise, those written agreements shall be made available to the providing Party or its counsel on request.

6. The Parties' use of confidential or proprietary information or documents in submissions to or filings with the Court shall be governed by the following provisions:

a. Any and all confidential or proprietary information or documents, excluding depositions, shall not be filed with the Court under the usual procedure, but shall be retained in the custody of counsel for the Parties, or those other persons authorized in this Stipulation and Order, for use as necessary for this litigation.

b. If a Party files a pleading, motion, transcript, or other paper with the Court that references any confidential or proprietary information or documents or their contents, the Party shall file the papers in sealed envelopes endorsed with the caption of this action and a statement substantially in the following form:

### CONFIDENTIAL

This envelope contains highly confidential or proprietary information or documents that are subject to a Court Order governing their use. This envelope shall not be opened and its contents shall not be disclosed except by Order of this Court. Violation of the Court's Order governing the use of these documents may be regarded as contempt of the Court.

The Party filing the papers must provide them to counsel for all Parties.

c.  All confidential or proprietary information or documents, including depositions, filed with the Court shall be retained under seal, which shall not be broken or opened except pursuant to the Order of this Court, or as necessary for appellate review by a higher court.

7.  No confidential or proprietary information or documents disclosed or produced pursuant to this Stipulation and Order may be reproduced, except as necessary or required in litigation for depositions, motion practice, trial preparation, exhibits or trial.

8.  Whenever a Party takes a deposition in which another Party's proprietary or confidential information or documents may be or is disclosed:

a.  The deposition shall be subject to the provisions of this Stipulation and Order on the designation of the Party whose witness is deposed. Such designation shall be made on the record whenever possible. A Party may designate portions of a deposition transcript as containing confidential or proprietary information or documents after transcription if the providing Party promptly notifies all other Parties of the designation in writing and the transcript or its contents have not already been disseminated beyond the class of persons designated in paragraph 4 of this Stipulation and Order; and

b.  The originals of designated deposition transcripts and all copies shall bear the legend "Confidential" and, at the time of filing with the Court, the original shall be sealed, identified as being confidential and subject to this Stipulation and Order, and not opened except by order of this Court.

9.  A Party may waive the protections of this Stipulation and Order by so stating in a signed and dated writing.

10. If the Parties disagree regarding whether material has been designated properly as confidential or proprietary information or documents under this Stipulation and Order, on written request by the Party opposing the designation, the providing Party promptly will state, in writing, the basis for its claim that the material contains confidential or proprietary information or documents. If the disagreement cannot be resolved between counsel, the Party opposing the designation may refer the issue to the Court for a determination. The burden of demonstrating that the material is confidential or proprietary information or documents shall be on the providing Party. The material shall be treated as confidential or proprietary information or documents until the Court rules on the issue.

11. Upon termination of this litigation, each Party subject to this Stipulation and Order shall return to the providing Party all material subject to this Stipulation and Order, including all photocopies. This paragraph does not apply to copies that contain markings that constitute attorney work product of the receiving Party's counsel. The receiving Party and its counsel, however, must destroy such copies on termination of this litigation. After a Party has returned or destroyed all material subject to this Stipulation and Order, the Party is relieved of any further obligations under this Stipulation and Order. This litigation is not deemed terminated until a settlement agreement is executed by all Parties or a full and final non-appealable judgment has been entered by the Court.

12. A Party's production or disclosure of confidential or proprietary information or documents pursuant to this Stipulation and Order shall not be deemed a waiver of confidentiality or other privileges.

13. No act or omission by any Party and nothing stated in this Stipulation and Order shall be interpreted as a waiver of any claim, defense, or objection by any Party.

14. Notwithstanding the terms of this Stipulation and Order, each Party shall have the right to object to any discovery or to apply to the Court at any time for an order granting additional protective or other relief with respect to any confidential, proprietary, or privileged material.

15. This Stipulation and Order does not require any Party to produce any documents or information that are not otherwise subject to discovery.

16. In addition to any other legal or equitable remedy that may be available, the rights and obligations set forth in this Stipulation and Order may be enforced by injunction.

17. Nothing in this Stipulation and Order shall prevent any of the Parties from using or disclosing their own documents.

18. Neither the terms of this Stipulation and Order, nor any action taken in compliance with it, shall (a) operate as an admission by any of the Parties that any document or information is, or is not, confidential or proprietary, (b) prejudice the right of any Party to seek a Court determination of whether any document or information should be subject to the terms of this Stipulation and Order, or (c) operate as an admission by any Party that any document or information is, or is not, admissible in evidence at the trial of this action. Any Party may request that the Court modify or otherwise grant relief from any provision of this Stipulation and Order.

SIGNED this 14th day of January 2010.

_____
JUDGE

7

AGREED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| /s/ James J. Proszek | /s/ Lucian B. Hodges |
| James J. Proszek, Oklahoma Bar No. 10443 | Lucian B. Hodges, Florida Bar No. 488811 |
| **HALL, ESTILL, HARDWICK, GABLE,** | Regina F. Cash, Florida Bar No. 828149 |
| **GOLDEN & NELSON, P.C.** | **CARR ALLISON** |
| 320 South Boston Avenue, Suite 200 | 212 Intendencia Street |
| Tulsa, OK 74103-3706 | Pensacola, FL 32502 |
| Telephone: (918) 594-0400 | Telephone: (850) 434-9028 |
| Facsimile: (981) 594-0505 | Facsimile: (850) 434-9257 |

and  **ATTORNEYS FOR DEFENDANT**
**MURPHREE BRIDGE CORPORATION**

Linda G. Bond, Florida Bar No. 0057282
**RUMBERGER, KIRK & CALDWELL, P.A.**  **MURPHREE BRIDGE CORPORATION**
215 South Monroe Street, Suite 130
Tallahassee, FL 32301  By **/s/ Frank Murphree**
Telephone: (850) 222-6550
Facsimile: (850) 222-8783

**ATTORNEYS FOR PLAINTIFF**
**MCI COMMUNICATIONS SERVICES, INC.**


MCI COMMUNICATIONS SERVICES, INC.

By **/s/ Brian S. Tooley**